# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 28, 2009 at Knoxville

## STATE OF TENNESSEE v. CHRISTOPHER FRANKLIN

**Appeal from the Circuit Court for Bedford County**
**No. 16369     Lee Russell, Judge**

---

**No. M2008-01189-CCA-R3-CD - Filed August 7, 2009**

---

The defendant, Christopher Franklin, appeals from his Bedford County Circuit Court jury conviction of filing a false report, a Class C felony. The trial court sentenced the defendant to six years' incarceration as a Range II, persistent offender. In this appeal as of right, he argues that the evidence is insufficient to support his conviction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Donna Orr Hargrove, District Public Defender; and  Andrew Jackson Dearing, III, Assistant District Public Defender, attorneys for appellant, Christopher Franklin.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; Charles Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The evidence presented at trial reflects that on February 18, 2007, Mary Elkins, a manager of the Kentucky Fried Chicken (KFC) restaurant in Shelbyville, Tennessee, received a telephone call from an unidentified man. She testified that the man told her "that you need to get everybody out of the building, the building's going to blow up." She asked the man to repeat himself and he again warned her to get everyone out of the restaurant because it was going to "blow up." She recalled that her assistant manager, Lee Stewart, and two customers were in the restaurant at the time of the phone call. After initial attempts to determine who had placed the call were unsuccessful, Ms. Elkins decided to call the police. While the police were at the restaurant, the defendant arrived for his shift. The defendant approached Ms. Elkins and insisted that he needed to talk to her. Ms. Elkins testified that the defendant "just said, I'm the one that did it." Ms. Elkins stated that the defendant did not

apologize and only said that he was "just joking." After allowing the defendant to work his shift that night, Ms. Elkins terminated him as an employee. She described feeling frightened by the incident because she was not sure whether the threat was true. She testified that by the time the police arrived, the customers had left the restaurant; there was no evacuation. On cross-examination, Ms. Elkins stated that the police never searched for a bomb once the defendant admitted that he had placed the call. She admitted that she did not have the defendant arrested that night, that she allowed him to work, and that she obtained a warrant for his arrest the next morning. Ms. Elkins also admitted that there was no interruption in their business and that no customers were turned away from the restaurant as a result of the threat or the ensuing investigation.

Mary Lee Stewart testified that she was an assistant manager at KFC when the bomb threat was made. She stated that defendant arrived for his shift and asked her why the police were at the restaurant. When Ms. Stewart told him that someone called in a bomb threat she stated that "he told me that it was him and that it was just a joke, that he was joking." She recalled that the defendant seemed worried so she told the defendant to tell Ms. Elkins and the police that he placed the phone call. Ms. Stewart testified that no employees or customers were evacuated from the restaurant, that the police never searched for a bomb, that there was no interruption in their business and that she never felt in fear of serious bodily injury because of the bomb threat.

Shelbyville Police Department patrolman Jeffery Lewis Goodrich testified that he responded to the call about a bomb threat at the KFC on February 18, 2007. He stated that Ms. Elkins was upset upon his arrival at the restaurant. Officer Goodrich recalled the defendant entering the restaurant and admitting that he had called in the threat but that was only joking.

Based upon this proof, the jury convicted the defendant of three alternative counts of making a false report relating to a bomb threat. On appeal, the defendant argues that there is insufficient proof to support his conviction. Specifically, he contends that there is insufficient proof of his intention to make a false report because the defendant did not intend to violate the law and only placed the phone call as a joke.

ANALYSIS

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, and on appeal the defendant has the burden of illustrating why the

evidence is insufficient to support the jury's verdict. Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

The defendant was indicted for and convicted of three alternative counts of making a false report of a bomb threat; the trial court merged the jury verdicts into one conviction. Pursuant to Tennessee Code Annotated section 39-16-502(a)(3), the offense of making a false report provides that:

(a) It is unlawful for any person to:

. . . .

(3) Intentionally initiate or circulate a report of a past, present, or impending bombing, fire or other emergency, knowing that the report is false or baseless and knowing:

(A) It will cause action of any sort by an official or volunteer agency organized to deal with those emergencies;
(B) It will place a person in fear of imminent serious bodily injury; or
(C) It will prevent or interrupt the occupation of any building, place of assembly, form of conveyance, or any other place to which the public has access.

The proof at trial shows that the defendant placed a call to the restaurant urging the manager to get out of the building because a bomb had been placed there and it was going to blow up. The evidence further showed that Ms. Elkins was in shock, upset and fearful about the threat. The police arrived to investigate the threat and the investigation only terminated upon the defendant's admission that he placed the telephone call and that it was a joke. Regardless of the defendant's assertion that he was only joking when he placed the call, his actions in making the telephone call and falsely reporting the presence of a bomb at the restaurant in conjunction with the reaction of the restaurant employees and ensuing police investigation clearly provide sufficient proof to support the defendant's conviction for making a false report pursuant to Tennessee Code Annotated section 39-16-502(a)(3).

CONCLUSION

In consideration of the foregoing, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE